UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **ENERGY INTELLIGENCE GROUP, INC.** and **ENERGY INTELLIGENCE GROUP (UK) LIMITED,** § § § § | |
| Plaintiffs/Counter-Defendants, § | Civil Action Nos. 4:19-cv-03520 and 4:19-cv-04121 |
| § | |
| v. § | |
| § | Judge Charles Eskridge |
| **KIRBY INLAND MARINE, LP,** § | |
| § | |
| Defendant/Counter-Claimant. § | |

## DEFENDANT/COUNTER-CLAIMANT'S MOTION TO EXCLUDE

Pursuant to Federal Rule of Civil Procedure 12(f), Defendant/Counter-Claimant Kirby Inland Marine, LP ("Kirby") respectfully moves the Court to exclude Exhibit A to Plaintiffs' Motion to Dismiss Defendant's Counterclaim Under FED. R. CIV. P. 12(B)(6) (the "Motion to Dismiss")—the Declaration of John Hitchcock in Support of Plaintiffs' Motion to Dismiss (the "Declaration")—and all references to the Declaration in the Motion to Dismiss. Dkt. Nos. 69, 69-1. On a motion to dismiss, evidence outside the pleadings is not properly considered under FED. R. CIV. P. 12(b)(6). Thus, the Declaration should be excluded.

## ARGUMENT

The Declaration is not attached to EIG's pleadings. EIG presents the Declaration for the first time as an exhibit to its Motion to Dismiss. "[W]hen matters outside the pleadings are presented with a motion to dismiss under Rule 12(b)(6), a district court has <u>complete</u>

discretion to accept or exclude the evidence." *Harris v. Coastal Offshore, Inc.*, Civil Action No. C-11-58, 2011 WL 2457922, at *3 (S.D. Tex. June 16, 2011) (citations omitted); *see also Constr. Cost Data, LLC v. Gordian Grp., Inc.*, Civil Action No. H-16-114, 2017 WL 2266993, at *8 (S.D. Tex. Apr. 24, 2017) (excluding the declaration of the defendant's vice president and general manager, among other documents). However, "[i]f, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d) (emphasis added). Here, it would be appropriate for the Court to exclude the Declaration attached to EIG's motion to dismiss.

First, the Declaration does not resolve any disputed facts or present any evidence showing that Kirby's claims are insufficient as a matter of law. EIG merely uses the self-serving affirmations to re-emphasize the purported "fact" of its innocence. *See* Dkt. No. 69 at 12, 14 ("The *simple truth* is that EIG has not and does not access its subscribers' computer systems or mobile devices . . . . *Simply put*, such access *in fact* never occurred." (citing Dkt. No. 69-1) (emphasis added)). These allegations do not speak to—and are, more importantly, not properly considered in adjudicating—the sufficiency of Kirby's claims on a Motion to Dismiss. "'When the extra-pleaded material is comprehensive and will enable a rational determination of a summary judgment motion, the court is likely to accept it, when it is scanty, incomplete, or inconclusive, the court probably will reject it.'" *Harris*, 2011 WL 2457922, at *3 (emphasis added) (quoting *Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 193 n. 3 (5th Cir. 1988)). EIG's Declaration should therefore be excluded.

Second, consideration of the Declaration, and conversion of the Motion to Dismiss to summary judgment, would be premature at this stage. FED. R. CIV. P. 12(d). Discovery is in its early stages, and the parties have not yet had an opportunity to uncover evidence that could be highly relevant on summary judgment. *See* FED. R. CIV. P. 12(d) ("If . . . the motion must be treated as one for summary judgment . . . [a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."); *Harris*, 2011 WL 2457922, at *4 ("As this lawsuit was filed only approximately three months ago, and depends upon the resolution of disputed facts, the Court concludes that it is premature to accept this limited evidence and convert Defendant's Rule 12(b)(6) motion into a Rule 56 motion for summary judgment."); *Constr. Cost Data, LLC*, 2017 WL 2266993, at *8 n.6 ("The Court does not find it appropriate to convert Defendants' 12(b)(6) motion into one for summary judgment.").

Finally, conversion to summary judgment does not comport with the parties' intentions. EIG plainly intended to move under Federal Rule of Civil Procedure 12(b)(6), as shown at minimum by the title of its Motion to Dismiss: "Plaintiffs' Motion to Dismiss Defendant's Counterclaim *Under Fed. R. Civ. P. 12(B)(6)*." Dkt. No. 69 at 1 (emphasis added). And Kirby's response to EIG's Motion to Dismiss, filed contemporaneously herewith, anticipates that the Court will adjudicate EIG's Motion to Dismiss under FED. R. CIV. P. 12(b)(6). Kirby has accordingly not submitted any supporting materials it might have otherwise submitted on summary judgment. *See* FED. R. CIV. P. 12(d).

## CONCLUSION

Because the Declaration falls outside the pleadings and because EIG's Motion to Dismiss is not appropriate for conversion to summary judgment at this stage, the Court should exclude the Declaration, and all references to it in EIG's Motion to Dismiss.

Respectfully submitted,

**FROST BROWN TODD LLC**

By: */s/ Zenobia Harris Bivens*
    State Bar No. 24035678
    S.D. Federal ID No. 1514596

Ben A. West
State Bar No. 24084074
S.D. Federal ID No. 2471145
Faith Eaton
State Bar No. 24094637
S.D. Federal ID No. 2997725
Carly J. Tebelman
Indiana Bar No. 34796-49
S.D. Federal ID No. 3509744
zbivens@fbtlaw.com
bwest@fbtlaw.com
featon@fbtlaw.com
ctebelman@fbtlaw.com

100 Crescent Court, Suite 350
Dallas, Texas 75201
Telephone: (214) 545.3472
Telecopier: (214) 545.3473

**ATTORNEYS FOR DEFENDANT/ COUNTER-CLAIMANT KIRBY INLAND MARINE, LP**

## **CERTIFICATE OF SERVICE**

On February 19, 2020, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Southern District of Texas, Houston Division. I hereby certify that I have served the documents on all counsel by a manner authorized by Fed. R. Civ. P. 5(b)(2)(E).

*/s/ Zenobia Harris Bivens*
Zenobia Harris Bivens