United States District Court
Southern District of Texas
**ENTERED**
January 19, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| ENERGY INTELLIGENCE GROUP INC and ENERGY INTELLIGENCE GROUP (UK) LIMITED, <br> Plaintiffs, <br><br> vs. <br><br> KIRBY INLAND MARINE LP, <br> Defendant. | CIVIL ACTION NO. 4:19-cv-03520 <br><br><br><br><br><br><br><br> JUDGE CHARLES ESKRIDGE |

**ORDER ON MOTION TO DISMISS
AND RELATED MOTIONS**

This is a copyright infringement action brought by Plaintiffs Energy Intelligence Group Inc and Energy Intelligence Group (UK) Limited against Defendant Kirby Inland Marine LP for the alleged inappropriate use and distribution of one of Plaintiffs' publications, the *Oil Daily*. Dkt 62 at ¶¶ 30–37, 47–58. Kirby asserts a counterclaim for supposed violations of the Computer Fraud and Abuse Act, 18 USC § 1030 *et seq*. Dkt 66 at 13–15.

The motion by Plaintiffs to dismiss that counterclaim is granted. Dkt 69. Their related motion to impose sanctions on Kirby for bringing that counterclaim is denied. Dkt 88. The motion by Kirby to exclude a declaration submitted by Plaintiffs with their motion to dismiss is denied as moot. Dkt 72.

Only the motion to dismiss warrants extended discussion.

The Computer Fraud and Abuse Act is primarily a criminal statute designed to combat computer "hacking." *WEC Carolina*

*Energy Solutions LLC v Miller*, 687 F3d 199, 201 (4th Cir 2012) (citation omitted). It thus criminalizes the unauthorized access of computers in appropriate circumstances. 18 USC § 1030(a). It was expanded in 1986 to include a civil-action component. *Turner v Hubbard Systems, Inc*, 855 F3d 10, 12 (1st Cir 2017). That section provides, "Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief." 18 USC § 1030(g).

To say that the necessary pleading requirements for such civil actions are complex is an understatement. For example, see 18 USC § 1030(c)(4)(A)(i)(I)–(VI); *Brown Jordan Intonational, Inc v Carmicle*, 846 F3d 1167, 1173–74 (11th Cir 2017). But Kirby in no way even specifies what provision of CFAA it is that Plaintiffs allegedly violated. Dkt 66 at 13–15; see 18 USC § 1030(a)(1)–(a)(7). More problematic, the counterclaim is devoid of meaningful factual allegations—or is dependent upon rank assertions of necessary predicates solely "upon information and belief." See Dkt 66 at 13–14. It thus provides little more than a recitation of certain statutory elements.

The parties somewhat engage in the briefing as if § 1030(a)(2) and (a)(4) perhaps pertain. Dkt 69 at 13–22; Dkt 71 at 10–18. But it isn't up to Plaintiffs or this Court to guess what statutory provisions are at issue in Kirby's counterclaim as pleaded or which facts might support it. See FRCP 8(a), 12(b)(6); *Bell Atlantic Corp v Twombly*, 550 US 544, 555 (2007); *Ashcroft v Iqbal*, 556 US 662, 678 (2009). Numerous courts have found that conclusory assertions such as those here that merely recite the bare elements of a CFAA claim plainly fail to meet the standard under *Iqbal* and *Twombly*. For example, see *Ahlers v CFMOTO Powersports, Inc*, 2014 WL 2574747, *4 (D Minn); *Pointenorth Insurance Group v Wade*, 2014 WL 12690895, *5–6 (ND Ga); *Micks-Harm v Nichols*, 2019 WL 4781342, *10 (ED Mich).

That said, the CFAA counterclaim will be dismissed without prejudice. Rule 15(a)(2) requires a district court to "freely give leave [to amend] when justice so requires." The Fifth Circuit has long held that this evinces a bias in favor of granting leave to amend. See *Dussouy v Gulf Coast Investment Corp*, 660 F2d 594,

597(5th Cir 1981); *Carroll v Fort James Corp*, 470 F3d 1171, 1175 (5th Cir 2006). Kirby has several times asserted this counterclaim in its various answers. See Dkt 18 at 10; Dkt 35 at 10; Dkt 66 at 13–15. But none of those have been repleaded in response to a motion to dismiss.

A final chance at amendment is warranted. The basis and predicate for any item alleged "upon information and belief" must be specified.

\* \* \*

The motion by Plaintiffs to dismiss Kirby's counterclaim asserting violations of the Computer Fraud and Abuse Act is GRANTED. Dkt 69. That counterclaim is DISMISSED WITHOUT PREJUDICE. Kirby may bring a motion seeking leave to amend by February 15, 2021, if at all.

The motion by Plaintiffs to impose sanctions on Kirby related to the CFAA counterclaim is DENIED. Dkt 88. Plaintiffs are frustrated by having to defend against what they have all along perceived as a factually specious counterclaim. But there isn't yet a sufficient showing of demonstrable bad faith or inexcusable conduct by Kirby. Sanctions aren't appropriate, especially where the subject counterclaim is being dismissed for the first time. The motions to dismiss and for sanctions have, however, sensitized the issue. Any motion by Kirby seeking leave to replead its counterclaim will be considered with the requirements and penalties of Rule 11 in mind.

The motion by Kirby to exclude the declaration submitted by Plaintiffs with their motion to dismiss is DENIED AS MOOT. Dkt 72.

SO ORDERED.

Signed on January 19, 2021, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge