UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ENERGY INTELLIGENCE GROUP INC and ENERGY INTELLIGENCE GROUP (UK) LIMITED, Plaintiffs, | § § § § § § § § § § | CIVIL ACTION NO. 4:19-cv-03520 |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| KIRBY INLAND MARINE LP, Defendant. | § § § § | |

OPINION AND ORDER ON
MOTIONS FOR PARTIAL SUMMARY JUDGMENT

The parties have each moved for partial summary judgment. Plaintiffs' motion is granted in part and denied in part. Dkt 169. Defendant's motion is denied. Dkt 168.

1. Background

Plaintiffs Energy Intelligence Group Inc and Energy Intelligence Group (UK) Limited are referred to together as *EIG*. They publish *Oil Daily*, a daily newsletter, and are the exclusive copyright owner of the various editions at issue here. Dkt 62 at ¶¶ 19, 21, 24, 38–40; see also Dkts 62-3 & 62-4.

Defendant Kirby Inland Marine LP maintained a single "one user" subscription to *Oil Daily* from August 2003 through July 2019. Under that subscription, a single designated recipient at Kirby received each edition of *Oil*

*Daily* via email. The designated recipient then routinely forwarded those emails to company executives and administrators. See Dkt 169-3 at 3.

EIG contends that the "one user" subscription only permitted the designated recipient to view the publication because its subscription agreement and copyright notices "forbid copying, forwarding copies, and/or distributing" the publication "without express written permission from Plaintiffs." Dkt 62 at ¶ 46. It alleges that Kirby unlawfully copied and distributed *Oil Daily,* thus violating EIG's copyright from June 2004 to July 2019. Id at ¶¶ 47–58.

EIG brought this action in the United States District Court for the District of Delaware in April 2019, alleging copyright infringement under Section 106 of the Copyright Act. Dkt 1. The action was transferred to the Southern District of Texas by agreement of the parties in September 2019, and it was subsequently reassigned to this Court. Dkts 21 & 47. The action was then consolidated with a second action EIG had brought against Kirby in the Southern District of Texas. Dkt 49 & Minute Entry of 12/06/2019.

The parties each moved for partial summary judgment at the close of discovery. Dkts 168 & 169.

2. Legal Standard

Rule 56(a) of the Federal Rules of Civil Procedure requires a court to enter summary judgment when the movant establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is *material* if it "might affect the outcome of the suit under the governing law." *Sulzer Carbomedics Inc v Oregon Cardio-Devices Inc*, 257 F3d 449, 456 (5th Cir 2001), quoting *Anderson v Liberty Lobby Inc*, 477 US 242, 248 (1986). And a dispute is *genuine* if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v CCC & R Tres Arboles LLC*, 736 F3d 396, 400 (5th Cir 2013), quoting *Anderson*, 477 US at 248.

The summary judgment stage doesn't involve weighing the evidence or determining the truth of the matter. The task is solely to determine whether a genuine issue exists that would allow a reasonable jury to return a verdict for the nonmoving party. *Smith v Harris County*, 956 F3d 311, 316 (5th Cir 2020). Disputed factual issues must be resolved in favor of the nonmoving party. *Little v Liquid Air Corp*, 37 F3d 1069, 1075 (5th Cir 1994). All reasonable inferences must also be drawn in the light most favorable to the nonmoving party. *Connors v Graves*, 538 F3d 373, 376 (5th Cir 2008).

The moving party typically bears the entire burden to demonstrate the absence of a genuine issue of material fact. *Nola Spice Designs LLC v Haydel Enterprises Inc*, 783 F3d 527, 536 (5th Cir 2015); see also *Celotex Corp v Catrett*, 477 US 317, 322–23 (1986). But when a motion for summary judgment by a defendant presents a question on which the plaintiff bears the burden of proof at trial, the burden shifts to the plaintiff to proffer summary judgment proof establishing an issue of material fact warranting trial. *Nola Spice*, 783 F3d at 536. To meet this burden of proof, the evidence must be both "competent and admissible at trial." *Bellard v Gautreaux*, 675 F3d 454, 460 (5th Cir 2012).

When parties file opposing motions for summary judgment on the same issue, the court reviews each motion independently, each time viewing the evidence and inferences in the light most favorable to the nonmoving party. *Amerisure Insurance Co v Navigators Insurance Co*, 611 F3d 299, 304 (5th Cir 2010). Each movant must establish that no genuine dispute of material fact exists, such that judgment as a matter of law is in order. Ibid; see also *Tidewater Inc v United States*, 565 F3d 299, 302 (5th Cir 2009).

    3. Analysis

Kirby and EIG each move for summary judgment on the issue of limitations. Dkts 168 at 5 & 169 at 13. EIG also moves for summary judgment on Kirby's other affirmative defenses. Dkt 169 at 6.

a. Limitations

Kirby moves for summary judgment on all claims involving copyright infringement that occurred prior to April 25, 2016. Dkt 168. It generally contends that 17 USC § 507(b) provides a strict three-year limitations period from the date a copyright infringement occurs—by which it means that usual tolling principles don't apply. Kirby also argues that, even if tolling does apply, EIG knew or should have known of Kirby's alleged infringements more than three years prior to bringing this action.

EIG argues that the Fifth Circuit recognizes the discovery rule in copyright actions—that is, a copyright claim doesn't accrue until the plaintiff knew or should have known of the injury upon which the claim was based. Dkt 181 at 7. It seeks summary judgment as to Kirby's limitations defense because "Kirby cannot show that EIG knew or should have known of Kirby's infringement more than three years prior to filing suit." Dkt 169 at 13.

i. Tolling principles, considered

The Copyright Act of 1976 provides that "no civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." 17 USC § 507(b). EIG is correct about Fifth Circuit precedent allowing for the discovery rule as to such claims, for it plainly holds that a copyright claim accrues "when [the party] knew or had reason to know of the injury upon which the claim is based." *Jordan v Sony BMG Music Entertainment Inc*, 354 F Appx 942, 945 (5th Cir 2009), citing *Pritchett v Pound*, 473 F3d 217, 220 (5th Cir 2006); see also *Graper v Mid-Continent Casualty Co*, 756 F3d 388, 393 (5th Cir 2014), *DynaStudy Inc v Houston Independent School District*, 325 F Supp 3d 767, 775 (SD Tex 2017).

Kirby argues that the Supreme Court effectively overturned this precedent in *Rotkiske v Klemm*, 140 S Ct 355 (2019). The Supreme Court there found that the discovery rule didn't apply to claims brought under the Fair Debt Collection Practices Act because the applicable

4

limitations provision didn't include express language authorizing such tolling. Id at 361.

*Rotkiske* doesn't abrogate the cited Fifth Circuit precedent. The provision there at issue derived from the FDCPA and states that an action must be brought "within one year from the date on which the *violation occurs*." 15 USC § 1692k(d) (emphasis added). By contrast, the Copyright Act here requires an action to be commenced "within three years after the *claim accrued*." 17 USC § 507(b) (emphasis added). The stark conceptual difference between when a *violation occurs* and when a *claim accrues* is familiar even to law students. And certainly, other Supreme Court precedent treats the latter concept differently. For example, in *Gabelli v SEC*, it noted that "a claim accrues when the plaintiff has a complete and present cause of action." 568 US 442 (2013) (cleaned up).

Whenever the Fifth Circuit reaches the issue of the applicability of *Rotkiske* to the Copyright Act, it will likely maintain its precedent based on that distinction. Regardless, that precedent remains binding until the Fifth Circuit says otherwise. To date, and not surprisingly, other district courts in this circuit have continued to apply the discovery rule to copyright claims after *Rotkiske*. For example, see *Stross v Hearst Communications Inc*, 2020 WL 5250579, *8 (WD Tex); *Garza v Edinburg Consolidated Independent School District*, 2020 WL 6470197, *2 (SD Tex), memorandum and recommendation adopted by 2020 WL 6447906, *1 (SD Tex).

Kirby also argues that while the *claims* might be saved by the discovery rule, *damages* relating to those claims are barred by a strict three-year limitations provision. Dkt 168 at 14, citing *Sohm v Scholastic Inc*, 959 F3d 39, 52 (2nd Cir 2020). The distinction largely eludes conceptual grasp but must be rejected in any event. The text of the statute contains no hint that the limitations period of a copyright claim and the resulting damages should be bifurcated. See 17 USC § 507(b). And Fifth Circuit precedent casts significant doubt on the conjecture. See *Energy Intelligence Group Inc v Kayne Anderson Capital Advisors LP*, 948 F3d

261, 265 (5th Cir 2020) (remanding for calculation of Copyright Act damages dating back over ten years from initiation of action).

The discovery rule pertains to copyright claims and will be applied to those brought by EIG (and any respective damages).

ii. Tolling principles, applied

Kirby cites various internal EIG emails from 2008 and 2010 to argue that EIG knew or should have known of Kirby's copyright infringement before April 25, 2016. Dkt 168 at 15–18, citing Dkts 168-5 (February 2010 EIG internal email) & 168-6 (July 2010 EIG internal email). It also submits evidence regarding tracking data that EIG's email delivery service partner (called SendGrid) began supplying EIG in 2015. Dkt 168-18 at 9, 10, 12.

EIG argues that there's "no evidence to show that EIG had actual knowledge or any reasonable basis to have known of Kirby's infringement earlier than April 25, 2016." Dkt 169 at 9. It submits evidence that SendGrid didn't provide the necessary information to detect copyright infringement until July 2018, and that only in December 2018 did EIG have sufficient data to bring action against Kirby. Dkts 169-8 at 3–4, 169-11 at 3, 169-15, 169-16, 169-17 at 3–4, 169-18 at 3, 169-19 at 3–4, 169-20 at 3–4 & 169-21 at 3–4; see also Dkts 181-4 at 6, 181-5 at 3–4 & 181-6 at 3–4.

Genuine disputes of material fact exist as to when EIG knew or should have known that Kirby was violating its *Oil Daily* copyright. It's thus a question for the jury. See *Energy Intelligence Group Inc v Kayne Anderson Capital Advisors LP*, 2016 WL 1203763, *7 (SD Tex).

The motions by both EIG and Kirby for partial summary judgment on limitations will be denied. Dkts 168 at 18 & 169 at 13.

b. Other affirmative defenses

*As to failure to mitigate,* EIG argues that a duty to mitigate didn't arise because "every act of infringement of an issue of [*Oil Daily*] is an independently actionable legal

6

wrong giving rise to a separate harm." Dkt 169 at 14. This is in line with Fifth Circuit precedent squarely holding that "mitigation is not an absolute defense to statutory damages under the Copyright Act." *Energy Intelligence*, 948 F3d at 275.

Kirby concedes this but maintains that the failure by EIG to prevent Kirby's ongoing infringement can be considered when assessing statutory damages. Dkt 182 at 19–21. This is largely foreclosed by the decision in *Energy Intelligence*. The Fifth Circuit there held that failure to prevent ongoing infringement can't properly be characterized as a mitigation defense, thus rejecting argument that the "harm" the plaintiff failed to mitigate was the defendant's continuing infringement because "every act of copyright infringement is an independently actionable legal wrong." 948 F3d at 274–75. But it also there determined that courts may consider "the conduct of parties when setting the amount of statutory damages"— including whether the defendant failed to prevent ongoing infringements. Id at 275, citing *Bryant v Media Right Products Inc*, 603 F3d 135, 144 (2d Cir 2010).

Summary judgment as to the affirmative defense of mitigation of damages will therefore granted. But this ruling doesn't preclude Kirby from arguing that EIG's failure (if any) to prevent Kirby's ongoing infringement may be considered when assessing the amount of statutory damages.

*As to copyright misuse,* EIG contends that no evidence suggests that it has sought to extend its monopoly beyond the scope of its copyright. Dkt 169 at 16. Kirby responds that EIG has indeed extended its monopoly by seeking to protect the disclosure of discrete information within *Oil Daily* that's not copyrighted or copyrightable. Dkt 182 at 21–22. It also complains that EIG maintains a "litigation-dependent business model" by which it sues "unsuspecting subscribers" for profit. Id at 22.

The doctrine of *copyright misuse* "forbids the use of the copyright to secure an exclusive right or limited monopoly not granted by the Copyright Office and which it is

contrary to public policy to grant." *Alcatel USA Inc v DGI Technologies Inc*, 166 F3d 772, 792 (5th Cir 1999) (cleaned up). Where applicable, it provides an affirmative defense that "bars a culpable plaintiff from prevailing on an action for the infringement of the misused copyright." *DSC Communications Corporation v DGI Technologies Inc*, 81 F 3d 597, 601 (5th Cir 1996) (citations omitted).

EIG doesn't base its claim for relief on Kirby's use of information not subject to its copyright, such as industry-related information published in *Oil Daily*. It instead alleges that Kirby infringed its *Oil Daily* copyright when Kirby internally distributed *Oil Daily*, which in effect reproduced the entire copyrighted work. Dkt 62 at 20–23; see also Dkt 169-3 at 3. EIG thus seeks to secure its duly granted monopoly rights over its copyrighted works—not to extend its monopoly over uncopyrighted information. See *Philpot v WOS Inc*, 2019 WL 1767208, *12 n 15 (WD Tex).

Summary judgment as to the affirmative defense of copyright misuse will be granted.

*As to innocent and/or non-willful infringement,* EIG argues that copyright infringement is a strict liability offense, thus putting to one side questions of good faith and willfulness. And in any event, the copyright notices contained in *Oil Daily* preclude a Section 504(c)(2) innocent-infringement defense. Kirby doesn't contest these assertions but believes it's a meaningful clarification that "evidence at trial will show that Kirby's alleged infringement was non-willful." Dkt 182 at 23. That appears to miss the point entirely.

Summary judgment as to the affirmative defenses of innocent and non-willful infringement will be granted insofar as Kirby contends such defenses preclude liability or reduce damages pursuant to 17 USC § 504(c)(2).

*As to unclean hands, failure to state a claim, and factual denial,* Kirby has withdrawn these defenses. Dkt 182 at 22 n 4, 23. Summary judgment will be granted on those affirmative defenses.

4. Conclusion

The motion by Defendant Kirby Inland Marine LP for partial summary judgment is DENIED. Dkt 168.

The motion by Plaintiff Energy Intelligence Group Inc for partial summary judgment is GRANTED IN PART. Dkt 169. It is GRANTED as to the affirmative defenses of failure to mitigate, copyright misuse, innocent and non-willful infringement, unclean hands, failure to state a claim, and factual denial. The motion is otherwise DENIED.

SO ORDERED.

Signed on September 28, 2022, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge